IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| V. | *   CRIMINAL NO.   SA-16-CR-254(6) |
| | * |
| SERGIO GUADALUPE | * |
|   ADAME-OCHOA | * |

GOVERNMENT'S MOTION TO QUASH

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the United States of America, by and through the United States Attorney for the Western District of Texas, and files this Motion to Quash, and in support of its motion, would show the Court as follows:

Pursuant to federal statute, federal agencies may promulgate regulations concerning the release of agency information including testimony of its employees and the production of its documents in court proceedings.  *See* 5 U.S.C. § 301 (allowing federal entities to create regulations governing the disclosure of records); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416 (1951) (upholding validity of federal regulations governing the release of information by employees or agents of the U.S. Department of Justice); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994).

Here, the subpoenaed witness (retired DHS Agent Stephen Monks) was formerly employed by the U.S. Department of Homeland Security ("DHS") as a federal law enforcement officer and the subpoena presumably seeks information related to his former federal employment. The DHS has promulgated controlling "*Touhy*" regulations.  6 C.F.R. §§ 5.41-5.49.  Requests for a DHS employee's testimony must be in writing and specify in detail the information and

testimony sought. See 6 C.F.R. §§ 5.45. In general, DHS regulations bar all DHS components and its employees (or former employees) from providing documents or oral or written testimony relating to information acquired while such persons were employed by DHS unless authorized to do so by the DHS Office of General Counsel or its designees. See 6 C.F.R. § 5.44. Only the Office of the General Counsel is authorized to receive and accept on behalf of the Department summonses or subpoenas sought to be served upon the Department, the Secretary, or Department employees. See 6 C.F.R. § 5.42. DHS will then consider a number of factors in determining whether to comply with this request. See 6 C.F.R. § 5.48(a).

The undersigned has been informed that the Defendant has failed to comply with the *Touhy* regulations with regard to the subpoena served on retired Agent Stephen Monks. Because the defendant has not satisfied the initial requirement and because the former employee has not received approval from the appropriate DHS designee to testify or produce documents, Agent Monks cannot testify regarding any matter. See 6 C.F.R. § 5.44; *Touhy*, supra. Based upon the circumstances involved as well as the applicable federal privileges against providing such requested information or testimony without authorization, Agent Monks cannot be called as a witness. *United States v. Jimenez-Montoya*, 348 Fed. Appx. 73, 2009 WL 3294798 (5th Cir. 2009), *citing U.S. v. Wallace*, 32 F.3d 921 (5th Cir. 1994). (Defendant in a federal prosecution failed to comply with *Touhy* regulations, therefore agent could not be called as a witness).

As noted above, there are required relevant factors that must be considered by DHS officials prior to authorizing or denying authorization of an agency employee's sought-after testimony. 6 C.F.R. § 5.48. Included among these considerations are a listing of factors which an employee would ordinarily be prohibited from disclosing. 6 C.F.R. § 5.48(b). Here, because there has been no compliance with DHS's Touhy regulations, the Defendant has effectively denied

DHS any reasonable opportunity to engage in these considerations or to prohibit in advance, any potential testimony based on privileged grounds.

Based on the failure to meet the controlling federal regulations, this Court should quash the subpoena served upon DHS Agent Steven Monks.

                    Respectfully submitted,

                    JOHN F. BASH
                    UNITED STATES ATTORNEY

                    /s/ *Mark L. Frazier*

By:    MARK L. FRAZIER
        Assistant United States Attorney

                    /s/ *Christopher M. Blanton*

By:    CHRISTOPHER M. BLANTON
        Assistant United States Attorney
        800 Franklin, Suite 280
        Waco, TX   76701
        (254) 750-1580

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2019, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Edmundo Espinoza
Attorney at Law

                    /s/ *Mark L. Frazier*
By:    MARK L. FRAZIER
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO.  SA-16-CR-254(6) |
| | * | |
| SERGIO GUADALUPE | * | |
|   ADAME-OCHOA | * | |

ORDER

On this day came on to be considered the Government's Motion to Quash, and the Court being fully advised of the premises, finds said Motion meritorious.

IT IS HEREBY ORDERED that the Government's Motion be GRANTED/DENIED.

SIGNED this the _____ day of January, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE